IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIR JOFFREY,<br><br>    Plaintiff,<br><br>v.<br><br>MONEY INSIGHTS, LLC, CHRISTIAN ALLEN, and RODNEY ZABRISKIE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO DISMISS<br><br><br>Case No. 2:25-cv-00637-JNP-DAO<br><br>District Judge Jill N. Parrish |

Plaintiff Mir Joffrey sued defendants Money Insights, LLC, Christian Allen, and Rodney Zabriskie, asserting a number of claims related to a commission agreement between Joffrey and Allen. Before the court is a motion to dismiss three of the causes of action asserted by Joffrey: (1) the claim for breach of the covenant of good faith and fair dealing, (2) the alter ego claim, and (3) the promissory estoppel claim. ECF No 4. The motion is GRANTED IN PART.

## BACKGROUND

In December 2017, Joffrey and Allen entered into commission agreement whereby Joffrey agreed to refer potential investors to Allen. Joffrey and Allen agreed to split equally all compensation for insurance, financial products, or services purchased by the referred investor. But the agreement provided that Joffrey would receive all "manager overrides," which the parties to this litigation call "override payments." These override payments were initially remitted directly to Joffrey. At some point, however, Money Insights began to receive the override payments and then forward them to Joffrey.

On August 1, 2025, Joffrey sued Allen, Money Insights, and Allen's employee, Zabriskie, alleging that he had not received all of the referral fees or override payments that he was owed

under the terms of the commission agreement. Joffrey asserted claims for breach of contract, anticipatory breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, alter ego, and promissory estoppel. The defendants moved to dismiss the claims for breach of the implied covenant of good faith and fair dealing, alter ego, and promissory estoppel.

## LEGAL STANDARD

Defendants argue that three of the claims brought in this lawsuit should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a court may dismiss an action if the complaint fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

## ANALYSIS

### I.    IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

"Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract." *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 968 (Utah 2008) (citation omitted). The "core function" of the covenant of good faith and fair dealing is to prevent "another's opportunistic interference with the contract's fulfillment." *Young Living Essential Oils, LC v. Marin*, 266 P.3d 814, 817 (Utah 2011). This core function "protects commercial reliance interests" by implying

2

terms "that the parties surely would have agreed to if they had foreseen and addressed the circumstance giving rise to their dispute." *Id.* at 816–17. But the Utah Supreme Court has cautioned that the covenant of good faith and fair dealing should serve a limited role because judicial misuse of this legal principle "threatens 'commercial certainty and breed[s] costly litigation.'" *Id.* at 816 (alteration in original) (citation omitted).

In his complaint, Joffrey makes the following allegations in support of his claim for breach of the implied covenant of good faith and fair dealing against Allen: "Allen breached the covenant of good faith and fair dealing by refusing to pay Dr. Joffrey Referral Fees for leads generated by Dr. Joffrey. These actions were taken in bad faith to deprive Dr. Joffrey of the benefits of the Agreement." In other words, Joffrey alleges that Allen is liable for beach of the implied covenant of good faith and fair dealing because he failed to remit all of the referral fees to which he was entitled under the commission agreement.

Joffrey's implied covenant claim fails as a matter of law because it merely restates his breach of contract claim by alleging that Allen refused to pay the referral fees to which he was entitled under the commission agreement. "A claim for breach of the implied covenant that is redundant of the underlying breach of contract claim is subject to dismissal." *Team Master Plan, LLC v. Daniels*, No. 4:19-cv-00036-DN-PK, 2020 WL 2926662, at *3 (D. Utah June 3, 2020) (applying Utah law); *accord First Guar. Bank v. Republic Bank, Inc.*, No. 1:16-cv-00150-JNP-CMR, 2019 WL 4736916, at *11 (D. Utah Sept. 27, 2019) (ruling that under Utah law, "the covenant of good faith and fair dealing is not an alternative method for enforcing the written provisions of a contract"); *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 508 (2d Cir. 2005) (holding that under New York law, if "the allegations [of a complaint] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same

damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated").

Joffrey argues that his implied covenant claim should not be dismissed because the allegations of his complaint "go beyond simply failing to pay—they allege a course of conduct that intentionally seeks to hide, undermine, and obfuscate Defendants' bad faith in connection with their contractual duties under the underlying contract." ECF No. 9 at 3. But Joffrey cannot state a claim for breach of the covenant of good faith and fair dealing by alleging that the breach of contractual term was surreptitious or in "bad faith." He must identify an implied term not contained in the contract to which the parties to the agreement "surely would have agreed to if they had foreseen and addressed the circumstance giving rise to their dispute." *See Young Living*, 266 P.3d at 816–17. Because Joffrey has not alleged such an implied term of the commission agreement, he has failed to state a claim for breach of the covenant of good faith and fair dealing.

## II.    ALTER EGO

Alter ego liability "is an exception to the general rule that limits stockholders' liability for obligations of the corporation." *Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 635 (Utah 2012). "If a party can prove its alter ego theory, then that party may 'pierce the corporate veil' and obtain a judgment against the individual shareholders even when the original cause of action arose from a dispute with the corporate entity." *Id.* Shareholders may be held liable as alter egos of a corporation if the court finds that two elements are present:

> (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, viz., the corporation is, in fact, the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow.

4

*Id.* (citation omitted). The first element is called the "formalities requirement," while the second element is commonly known as the "fairness requirement." *Id.*

To determine whether the formalities requirement has been satisfied, courts consider seven factors:

> (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; [and] (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders.

*Id.* at 636 (citation omitted). There are no established factors to consider when deciding whether the fairness requirement of the alter ego test has been satisfied because this element "is simply an appeal to the conscience of the court and the court's equitable powers." *Id.* at 637.

In order to adequately plead an alter ego claim, a plaintiff must allege facts supporting each essential element of the claim. Conclusory allegations that a defendant is an alter ego of another defendant are not sufficient. *United States v. Van Diviner*, 822 F.2d 960, 964 (10th Cir. 1987) (citing *Hokama v. E.F. Hutton & Co.*, 566 F.Supp. 636, 647 (C.D.Cal.1983) for the proposition that "'[c]onclusory allegations of alter ego status' [are] insufficient to withstand [a] motion to dismiss"). Although a plaintiff need not conclusively prove alter ego liability at the pleading stage of the litigation, he or she must plead specific facts that would plausibly support each element of alter ego liability. *See ClearOne, Inc. v. PathPartner Tech., Inc.*, No. 2:18-cv-00427-JNP-PMW, 2019 WL 12043493, at *5 (D. Utah Sept. 30, 2019) (concluding that the plaintiff had not adequately pled alter ego liability because it had not alleged facts supporting the second element of the alter ego test).

Joffrey asserts an alter ego claim against Allen, alleging that he should be held equally liable for the claims brought against Money Insights. He makes the following allegations in support of this claim:

> 59. Upon information and belief, Allen is a shareholder, owner, or maintains an interest in Money Insights.
>
> 60. A unity of interest and ownership exists between Allen and Money Insights.
>
> 61. If observed, the corporate form would sanction a fraud, promote injustice, or result in an inequity upon Dr. Joffrey.
>
> 62. This court should pierce the corporate veil and allow Dr. Joffrey to recovery from Allen individually.

ECF No. 1. These allegations are not sufficient to state an alter ego claim. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In his complaint, Joffrey claims that Allen is an owner of Money Insights. But he does not allege any facts that would support either the formalities requirement or the fairness requirement of an alter ego claim. Joffrey does nothing more than baldly assert his conclusion that the formalities and fairness requirements have been satisfied. Because Joffrey offers nothing more than labels and conclusions to support his alter ego claim, he has failed to state a plausible claim for relief. The court, therefore, dismisses this claim.

## III.    PROMISSORY ESTOPPEL

To make out a claim for promissory estoppel, a plaintiff must prove that

> (1) [t]he plaintiff acted with prudence and in reasonable reliance on a promise made by the defendant; (2) the defendant knew that the plaintiff had relied on the promise which the defendant should reasonably expect to induce action or forbearance on the part of the plaintiff or a third person; (3) the defendant was aware of all material

> facts; and (4) the plaintiff relied on the promise and the reliance resulted in a loss to the plaintiff.

*Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1092 (Utah 2007). In the event that the commission agreement is deemed invalid, Joffrey asserts a promissory estoppel claim against Allen, Zabriskie, and Money Insights. In support of this claim, Joffrey alleges that "Defendants promised and agreed to pay Dr. Joffrey for leads generated by Dr. Joffrey" and that "Defendants promised and represented to Dr. Joffrey that Defendants were able and intended to compensate Dr. Joffrey for the leads." ECF No. 1 at ¶¶ 66, 72. The defendants argue that the promissory estoppel claim should be dismissed for two reasons.

First, the defendants assert that this claim should be dismissed in its entirety because promissory estoppel is not available if the plaintiff may obtain the same relief under an enforceable contract. *See Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996). But Joffrey pleads this claim in the alternative. He explicitly acknowledges that the promissory estoppel claim is conditioned on the contingency that the commission agreement is found to be invalid. ECF No. 1 at ¶ 65. Because pleading inconsistent claims is permitted, FED. R. CIV. P. 8(d)(2), dismissal of the entire promissory estoppel claim is not appropriate at this juncture.

Second, the defendants argue that the promissory estoppel claim should be dismissed as to Money Insights and Zabriskie because the complaint does not adequately plead facts showing that these defendants made a promise to Joffrey. The court agrees. Bare and conclusory allegations in a complaint are not sufficient to nudge a claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (citation omitted). Undifferentiated allegations that all of the defendants promised to pay Joffrey for the sales leads that he supplied to Allen, unadorned by any detail as to the context or content of the alleged promises made by Money

Insights and Zabriskie, are not sufficient to plead a claim for relief under the *Iqbal* plausibility standard. Thus, the court dismisses the promissory estoppel claim as to defendants Money Insights and Zabriskie.

## IV.   LEAVE TO AMEND

The defendants shall have 14 days from the date of this order to file an answer to the complaint. The court is cognizant of the fact that nearly all of the information necessary to adequately plead an alter ego claim lies within the exclusive control of the defendants and that discovery may be required to uncover that evidence. Accordingly, the court grants leave for Joffrey to file an amended complaint in order to add any allegations of fact that may support any of the claims that the court has dismissed. In order to allow an opportunity to conduct limited discovery, Joffrey shall have 90 days from the date of this order to file an amended complaint.

## CONCLUSION

The court grants the defendants' motion to dismiss to the extent that they seek dismissal of the claim for breach of the covenant of good faith and fair dealing, the alter ego claim, and the promissory estoppel claim as to defendants Money Insights and Zabriskie. The claims that currently remain in this litigation are the breach of contract claim against Allen, the anticipatory breach of contract claim against Allen, the unjust enrichment claim against all defendants, and the promissory estoppel claim against Allen.

DATED March 27, 2026.

BY THE COURT

Jill N. Parrish
United States District Court Judge

8